The Attorney General is in receipt of your request for an opinion wherein you ask the following questions: "1. Could an employee of the Department of Mental Health, who was under the merit system and who had more than five years of continuous service, be legally paid, upon retirement in 1977, for accumulated annual leave in excess of forty-eight days? "2. Can holiday leave and compensatory time be included in determining the accumulated annual leave of a merit system employee, for purposes of paying off such annual leave upon termination of state employment?" In order to answer your first question, we must examine the 1977 Merit System Rules and statutory provisions in effect and governing payment of accrued annual leave for employees retiring in 1977. Merit System Rule 1410(6) (July, 1976) provided as follows: "Annual leave shall be cumulative for no more than thirty (30) working days for employees having less than five (5) years of continuous service and for no more than forty-eight (48) working days for employees having more than five (5) years of continuous service, except that for leave purposes only annual leave may at the discretion of the Appointing Authority accrue for more than thirty (30) days for persons having less than five (5) years of continuous service, or more than forty-eight (48) days for persons having more than five (5) years of continuous service, provided that such excess is used during the same year in which it accrues." (Emphasis added) Rule 1410(10) (July, 1976) provided: "Any employee who is separated from the classified service by layoff, resignation, death or otherwise, shall be paid or shall have payment made to the employee's estate for any unused annual leave accumulated to his or her credit, except as otherwise provided in these Rules." (Emphasis added) It is apparent from the above rules that an employee retiring in 1977 with more than five (5) years of continuous service could receive payment for accrued annual leave for no more than 48 days. As to your second question, the provisions in the 1977 and the current Merit System Rules, revised July 1, 1979, governing Holiday and compensatory leave, are identical. Rule 1450, providing for compensatory leave, states as follows: "An employee may be granted compensatory leave for all work in excess of a normal working schedule in accordance with the policy, rules and regulations of the employing agency." However, Rule 430, regarding payment of overtime, provides: "An Appointing Authority may pay for work in excess of the normal work week established by the agency, where not prohibited by law, in lieu of compensatory leave, in accordance with the policy, rules and regulations of the Appointing Authority, as approved by the State Personnel Board. All such payments shall be noted on the payroll." (Emphasis added) Clearly, the above provision allows an Appointing Authority, with the approval of the Personnel Board, the discretion as to whether to pay an employee for work in excess of the normal work week instead of granting the compensatory leave as provided for in Rule 1450. Compensatory leave, however, is not to be included in determining accrued annual leave inasmuch as each represents a different form of compensation. Compensatory leave, or payment for same, represents compensation for work already performed in excess of the normal work week. Even though an employee, upon retiring from a state agency, may receive payment for both credited annual leave and compensatory leave (if the agency grants such payment), each payment represents a separate and distinct form of compensation. Title 74 O.S. 703 [74-703](17) (1971), provides: " 'Vacation leave' means a period of time off duty with pay granted to the employee to improve his morale, to maintain his health, and prepare him for more effective work." Rule 1460 provides as follows: "Holidays shall be granted in accordance with state law, and the Governor's proclamations as they are observed by the individual agencies in accordance with their work load, policy and rules and regulations." Holiday leave, in effect, is the granting of a day off from work without loss of pay. Further, Rule 1410(11) provides in pertinent part: ". . . Holidays falling within a period of annual leave shall not be counted as work days." Moreover, there is no provision in the Merit System Rules which provides for payment in lieu of the day off where an employee has actually worked on the declared holiday. It should be noted that Rule 430, allowing for payment of compensatory leave, is not applicable to holidays in that Rule 430 expressly refers to compensatory leave. It is, therefore, the official opinion of the Attorney General that: 1. An employee retiring in 1977 with more than five years of continuous service under the Merit System could receive payment for accrued annual leave for no more than 48 days. 2. Holiday leave and compensatory leave may not be included in determining accumulated "annual leave" under the Merit System for purposes of paying annual leave upon termination from state employment. (PATRICIA R. DEMPS) (ksg)